**6**
LATHAM & WATKINS LLP
   Alexander C.K. Wyman (Bar No. 295339)
      *alex.wyman@lw.com*
   Faraz R. Mohammadi (Bar No. 294497)
      *faraz.mohammadi@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:  +1.213.485.1234
Facsimile:  +1.213.891.8763

*Attorneys for Plaintiff ASAP International Hotel, LLC*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| IN RE:<br><br>TAYLOR T. WOODS,<br><br>Debtor. | Case No.:          24−12985−A−7<br><br>Chapter 7<br><br>Adv. Case No.:          _____ |
| ASAP INTERNATIONAL HOTEL, LLC, a California limited liability company<br><br>                    Plaintiff,<br><br>          v.<br><br>TAYLOR T. WOODS,<br><br>                    Defendant. | **COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4) AND § 523(a)(6)** |

TO THE COURT AND ALL PARTIES OF INTEREST:

Plaintiff and Creditor ASAP International Hotel, LLC ("Plaintiff") of the above-named Debtor, Taylor T. Woods ("Debtor"), hereby alleges against Debtor as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding is brought in connection with the chapter 7 bankruptcy case of Debtor Taylor T. Woods, case number 24−12985−A−7, pending in the U.S. Bankruptcy Court for the Eastern District of California.

2. This complaint is filed pursuant to Section 523(c) of the Bankruptcy Code, 11 U.S.C. § 523(c), to determine the dischargeability of debts claimed to be dischargeable by Debtor under Chapter 7 of Title 11 of the United States Code (the "Code"), within the time allowed under the Bankruptcy Rule 4007(c).

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper under 28 U.S.C. § 1409.

### PARTIES

5. Plaintiff ASAP International Hotel, LLC is, and at all relevant times herein was, a California Limited Liability Company, with its principal place of business in Los Angeles, California.

6. Defendant and Debtor Taylor T. Woods is an individual who, upon information and belief, at all relevant times herein, is a resident of the city of Boise, County of Ada, Idaho, but until 2021 was a resident of the County of Orange, California.

### FACTUAL BACKGROUND

**A. Debtor's Conduct Underlying His Indebtedness to Plaintiffs**

7. ASAP International, a limited liability company owned and managed by Frank Yuan and Jerome Yuan (the "Yuans"), has been victimized by Debtor's fraudulent conduct. Plaintiff's claims against Debtor arise from Debtor's and his business partner Howard Wu's failure to repay Plaintiff over $200 million for hotels that Plaintiff sold, and a loan that Plaintiff made, to

2

Debtor and Wu in connection with the failed Eagle Hospitality Real Estate Investment Trust ("EHT" or "Trust") on the Singapore Exchange.

8. Debtor and Wu, through their privately held real estate investment limited liability company, Urban Commons, LLC ("Urban Commons"), operated a portfolio of hotels that they intended to use to sponsor the Trust. Prior to the Trust's IPO in May 2019, Debtor and Wu approached the Yuans to purchase six of Plaintiff's hotel properties (the "ASAP 6 Properties") for use in sponsoring the Trust. Debtor and Wu knew, however, that they did not have the financial resources to repay the Yuans for the assets as promised.

9. On or about March 12, 2019, Debtor, through his wholly owned limited liability company CWCI, LLC, and Wu, through his wholly owned limited liability company MCWI, LLC, entered into a series of membership and manager interest transfer agreements with Plaintiff for each of the ASAP 6 Properties.

10. Pursuant to these agreements, Plaintiff would transfer ownership of the ASAP 6 Properties to Debtor and Wu, and in exchange, Debtor and Wu would agree, via promissory notes, to pay Plaintiff over $250 million prior to the Trust's IPO. Plaintiff subsequently transferred ownership of the ASAP 6 Properties to Debtor and Wu.

11. Debtor and Wu subsequently executed a pledge agreement with Plaintiff, pledging and assigning to Plaintiff four Urban Commons UBS bank accounts pending repayment to Plaintiff of the full amount owed for the sale of the ASAP 6 Properties. Specifically, on or about November 5, 2019, Debtor and Wu executed a First Amended Payment Agreement with Plaintiff. Pursuant to the First Amended Payment Agreement, Debtor and Wu pledged to Plaintiff the UBS bank accounts until Debtor and Wu repaid the amounts for the six hotels, stating that Debtor and Wu "hereby assign[], pledge[], transfer[], hypothecate[] and set[] over to [Plaintiff] all of [their] right, title and interest in and to the Pledged [accounts] as security" for the purchase amount of the six hotels, until Plaintiff's "actual receipt of payment in full" of that amount.

12. Through the First Amended Payment Agreement, Plaintiff had a right to possess the amounts in the UBS accounts until Debtor and Wu repaid the purchase amount of the ASAP 6 Properties. Upon information and belief, following execution of the First Amended Payment

3

Agreement to the present, Debtor and Wu continuously removed funds from the UBS accounts that were pledged to Plaintiff. Debtor and Wu removed and exercised control over the funds from the UBS accounts that were pledged to Plaintiff without the knowledge, authorization, or consent of Plaintiff. In doing so, Debtor and Wu knowingly received and intentionally and deliberately withheld the funds belonging to Plaintiff, knowing that Debtor and Wu have no right, title, or interest in those funds and that said funds have been stolen from Plaintiff and/or obtained in a manner constituting theft as defined in California Penal Code section 496(a).

13. Debtor and Wu have not paid Plaintiff over $200 million owed for Plaintiff's ASAP 6 Properties and the outstanding loan, and they have stolen funds from the UBS accounts they pledged and assigned to Plaintiff. As a result of Debtor and Wu's theft, Plaintiff has suffered damages estimated to be in excess of $200 million.

14. As a result of Debtor's theft, Plaintiff filed claims against Debtor including for conversion and violation of California Penal Code section 496.

**B. Debtor's Bankruptcy**

15. On October 16, 2024, Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy case number 24−12985−A−7, in the U.S. Bankruptcy Court for the Eastern District of California ("Bankruptcy Case").

16. Plaintiff did not receive notice of the Bankruptcy Case.

### FIRST CLAIM FOR RELIEF
(For a Determination That Defendant's Debts Are
Not Dischargeable Pursuant to 11 U.S.C. §523(a)(4))

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above, as though set forth fully herein.

18. Plaintiff had a right to possess the amounts in the UBS accounts until Debtor and Wu repaid the purchase amount of the ASAP 6 Properties. Upon information and belief, following execution of the First Amended Payment Agreement to the present, Debtor and Wu continuously removed funds from the UBS accounts that were pledged to Plaintiff. Debtor and Wu removed and exercised control over the funds pledged to Plaintiff without the knowledge, authorization, or consent of Plaintiff.

4

19.     In doing so, Debtor and Wu knowingly received and intentionally and deliberately withheld the funds belonging to Plaintiff, knowing that Debtor and Wu have no right, title, or interest in those funds and that said funds have been stolen from Plaintiff and/or obtained in a manner constituting theft as defined in California Penal Code section 496(a).

20.     Debtor's conduct was done intentionally and in bad faith to withhold the funds belonging to Plaintiff, knowing that Debtor and Wu have no right, title, or interest in those funds and that said funds have been stolen from Plaintiff.

21.     Debtor's acts were intentional, malicious, and oppressive.  As a direct and proximate result of the Debtor's knowing, willing, and intentional actions, Plaintiff has been injured and is entitled to recover compensatory damages, including opportunity costs, and punitive damages in an amount to be proven at trial.

22.     Debtor's indebtedness to Plaintiff arises from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

23.     For the foregoing reasons, Debtor's indebtedness to Plaintiffs is not dischargeable under 11 U.S.C. § 523(a)(4).

### SECOND CLAIM FOR RELIEF
(For a Determination That Defendant's Debts Are
Not Dischargeable Pursuant to 11 U.S.C. §523(a)(6))

24.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

25.     In performing the acts set forth in the preceding paragraphs, Debtor committed a "willful and malicious" injury to Plaintiffs.

26.     The resulting harm was of the type that the law was intended to prevent.  In committing these acts, Debtor acted with malice, fraud, and oppression.  Debtor's indebtedness to Plaintiff arises from his willful and malicious injuries to Plaintiff.

27.     For the foregoing reasons, the Debtor's indebtedness to Plaintiff is not dischargeable under 11 U.S.C. § 523(a)(6).

///

///

5

COMPLAINT FOR NON-
DISCHARGEABILITY OF DEBT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court enter the following relief:

1.  Declare that the debts of Debtor to Plaintiff be ruled nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and/or 11 U.S.C. § 523(a)(6);

2.  Award Plaintiff reasonable costs for this adversarial proceeding, including attorneys' fees and costs; and

3.  Grant Plaintiff additional and further relief as this Court deems just and proper.

Dated:  January 24, 2025                    LATHAM & WATKINS LLP

By:_____
     Alexander C.K. Wyman
     Attorneys for Plaintiffs
     Claydon Hill Investments Ltd, Compass
     Cove Assets Limited, Bounty Green
     Assets Ltd, Frank Yuan, Norbert Yuan,
     and Jerome Yuan

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

COMPLAINT FOR NON-
DISCHARGEABILITY OF DEBT